**United States District Court**
**Southern District of Texas**
**FILED**

**JAN 23 2018**

**. Clerk of Court**

United States District Court
Southern District of Texas
**ENTERED**
January 24, 2018
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### MCALLEN DIVISION

| | | |
|---|---|---|
| UNIQUE MCKINNEY<br>Plaintiff | § § § § | |
| vs. | § § § | MISC. ACTION NO. M-17-2052 |
| GLENDA KEELER,<br>ASSISTANT WARDEN, *et al.*<br>Defendants | § § § § | |

## <u>REPORT & RECOMMENDATION</u>

Plaintiff is a state inmate at a Texas Department of Criminal Justice ("TDCJ") prison facility in Gatesville, Texas.  Plaintiff is proceeding pro se.  Plaintiff has not paid the civil filing fee, nor has she filed an application for leave to proceed *in forma pauperis* ("IFP").

In this miscellaneous action, Plaintiff has tendered a proposed civil rights complaint pursuant to 42 U.S.C. § 1983, which she raises claims concerning the way prison authorities handled her request for an Offender Protection Investigation ("OPI").  (Dkt. Entry No. 1 at 3–4).  Notably, Plaintiff's request was based on her fear for her life, resulting from her being assaulted and her subsequent assignment to a particular cell for 8 days.[1]  (Dkt. Entry No. 1 at 3–4; 6–9).

Having reviewed the pleading, record, and relevant law, the undersigned respectfully recommends that Plaintiff's case be **TRANSFERRED** in the interest of justice to the Western District of Texas, Waco Division, because that is the most appropriate venue for this action.  The undersigned also recommends that this case be closed.

---

[1] Pro se pleadings are held to less stringent standards than those drafted by attorneys.

## I. Relevant Law, Findings, and Conclusions

Pursuant to 28 U.S.C. § 1391(b)(1)–(2), a civil action may be brought in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

Pursuant to 28 U.S.C. § 1406(a) and § 1404(a), "a district court has the authority to transfer a case in the interest of justice to another district in which the action might have been brought." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999). Section 1404(a) explains, in relevant part, that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "The district court has broad discretion in deciding whether to order a transfer." *Scott*, 160 F.3d at 1067 (quotations and citation omitted).

Plaintiff is an inmate at the TDCJ Mountain View Unit in Gatesville, Texas, which is located in Coryell County, Texas. This is the location of the events or omissions giving rise to Plaintiff's claims. It is where Defendants are located. Coryell County is within the territory of the United States District Court for the Western District of Texas, Waco Division. 28 U.S.C. § 124(d)(2). Plaintiff could have brought this action in that court.

The undersigned finds that venue in the Southern District of Texas, McAllen Division, is improper. The undersigned further finds that the interest of justice justifies the transfer of this case to the Western District of Texas, Waco Division. That court is where (1) the parties are located, (2) the alleged events or omissions took place, and (3) Plaintiff could have brought this

---

*Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

action.

## II. Conclusion

### *Recommended Disposition*

After careful review of the record and applicable law, the undersigned respectfully recommends that the Court order the transfer of this case, based on the interest of justice, to the Clerk of the United States District Court for the Western District of Texas, Waco Division. Lastly, the undersigned recommends that this miscellaneous case be closed.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. A party may respond to another party's objections within 14 days after being served with a copy thereof. The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this Court shall forward a copy of this document to Plaintiff by any receipted means.

3

**DONE** at McAllen, Texas, this 23rd day of January, 2018.

_____
J. Scott Hacker
UNITED STATES MAGISTRATE JUDGE